UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Martin Rodriguez, #251020, ) | C/A No. 0:05-2228-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Aileen P. Clare; ) | |
| Salley W. Elliott, ) | |
| each in their individual capacities, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, Martin Rodriguez (Plaintiff), proceeding *pro se*, brings this action

pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate at the McCormick Correctional

Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this

action *in forma pauperis* under 28 U.S.C. § 1915.

The complaint names as defendants Plaintiff's appointed appellate counsel and the

Assistant Deputy Attorney General involved in the Plaintiff's state post-conviction relief

appeal.[1]  The complaint claims Plaintiff is "in clear and present danger of losing this appeal

[of his APCR] because of the proactive engaging misconduct" of the defendants. Complaint

at 4.  Plaintiff requests only injunctive relief, in the form of copies of transcripts and

documents, as well as disciplinary action against the defendant attorneys.

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915;

28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat.

---

[1] Plaintiff's appeal of the denial of his PCR action was apparently still pending before
the Supreme Court of South Carolina at the time he composed the complaint, dated
August 1, 2005.



1321 (1996).  This review has been conducted in light of the following precedents:  <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).   This Court is required to liberally construe *pro se* documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, this *pro se* complaint is subject to summary dismissal because the Defendant Clare did not act under color of state law for purposes of a § 1983 action, and Defendant Elliot is immune from suit under § 1983.  The complaint also fails to state a claim or request relief which can be granted. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  <u>Weller v. Department of Social Services</u>, 901 F.2d 387,  (4th Cir. 1990).

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980). Defendant Clare is an attorney with the South Carolina Office of Appellate Defense,  appointed by the state court to represent Plaintiff in his appeal of his state post-conviction relief action. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See* <u>Deas v. Potts</u>, 547 F.2d 800 (4th Cir. 1976) (private attorney); <u>Hall v. Quillen</u>,

2



631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982) (court-appointed attorney); <u>Polk County v. Dodson</u>, 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender).  Therefore,  Defendant Clare is entitled to dismissal as a party Defendant in this § 1983 action.

Defendant Elliott is the Assistant Deputy Attorney General representing the State in Plaintiff's appeal of the denial of his post-conviction relief action, and as such has prosecutorial immunity from suit under § 1983 in this case.  In <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process."  The prosecutorial immunity established in <u>Imbler</u> extends to post-conviction proceedings, such as appeals and habeas corpus proceedings. *See* <u>Houston v. Partee</u>, 978 F.2d 362, 365 (7th Cir. 1992)(recognizing "substantial case law granting absolute immunity for acts done in various post-conviction proceedings"); and <u>Bruce v. Wade</u>, 537 F.2d 850 (5th Cir. 1976)(challenges to conviction protected by the immunity doctrine).  Plaintiff makes no factual allegations concerning his post-conviction relief appeal that indicate any actions by Defendant Elliott were not within the scope of her duties.  Further, within the "exhibits" attached to Plaintiff's complaint are documents from state court proceedings, submitted by Defendant Elliott, showing that she is acting within the scope of her duties with the Attorney General's Office with respect to Plaintiff's PCR case.  Hence, Defendant Elliott has absolute immunity from suit in this § 1983 action.  *See* <u>Siegert v. Gilley</u>, 500 U.S. 226 (1991); and <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense



to liability").

Finally, in addition to the named individuals being entitled to dismissal as party Defendants, the complaint itself is also subject to dismissal for failure to state a claim. The complaint alleges the defendants engaged in "conduct involving dishonesty, fraud, deceit, misrepresentation that is most prejudicial," as well as "knowingly made false statements of material fact; failed to disclose all evidence and documents favorable to my position; submitted false evidence instead of the documents I submitted at the PCR hearings; denied me access to the transcripts and audio recordings; told me lies." Complaint at 4. Plaintiff's allegations are mere conclusory statements with no factual allegations made to support the statements. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to proceed with this lawsuit. Brown v. Zavaras, 63 F.3d 967 (10th Cir. 1995). *See also* Adams v. Rice, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory on its face); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Additionally, the complaint does not request relief available from this Court. Plaintiff requests that this Court compel the Defendants to provide copies of transcripts and documents from his state court proceedings, as well as Defendant Clare's removal as his appointed counsel.[2] Plaintiff further requests as relief suspension and sanctions in relation to the Defendants' licenses to practice law. However, any removal of appointed counsel

---

[2] Plaintiff includes as an attachment to his complaint an order of the Supreme Court of South Carolina, dated July 20, 2005, denying his "Motion to Relieve Counsel" in his appeal.



in Plaintiff's state case as well as lawyer disciplinary matters relating to his state case are both solely within the authority of the Supreme Court of South Carolina, and such mandamus relief compelling action by the State is therefore not available from this District Court. *See* Graham v. Norton, 82 U.S. (15 Wall.) 427, 428 (1872)("This express authority to issue writs of mandamus to National courts and officers has always been held to exclude authority to issue these writs to State courts and officers."). *See also* Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969); Robins v. California Bd. of Prison Terms, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("[F]ederal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties.") (listing cases). Hence, this court is precluded from directing a writ of mandamus compelling action by a state official or court as requested by Plaintiff, and the complaint should be dismissed based on a finding that it "fails to state a claim on which relief may be granted" and is "frivolous" under 28 U.S.C § 1915(e)(2)(B)(i) and (ii).

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary



5

dismissal].

The plaintiff's attention is directed to the notice on the following page.

Respectfully submitted,

Bristow Marchant
United States Magistrate Judge

August 29, 2005
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
